UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────
UNITED STATES OF AMERICA,

        -against-

ANTHONY AIELLO,

        Defendant.
─────────────────────────────────

**MEMORANDUM & ORDER**
05-CR-060 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Anthony Aiello brings this third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018. (Third Mot. for Reduction (Dkt. 1526); *see also* Government Response in Opposition ("Opp.") (Dkt. 1527).) For the reasons set forth below, the court finds that Mr. Aiello cannot demonstrate extraordinary and compelling reasons warranting a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's motion is therefore DENIED.

## I. BACKGROUND

On August 6, 2008, Defendant Anthony Aiello entered a plea of guilty to: (1) Racketeering and (2) Conspiracy to Commit Murder in Aid of Racketeering. (Opp., Ex. A (Dkt. 1527-1) ("Plea Agreement"); *see also* Min. Entry dated August 6, 2008; Superseding Indictment (S-9) (Dkt. 464).) In the plea agreement, Mr. Aiello stipulated to the guidelines calculation that carried "a range of imprisonment of 360 months to life." (Plea Agreement at 3-4.) He also stipulated that he "participated in the murder of Randolph Pizzolo. (*Id.* at 5.) The court sentenced Mr. Aiello to a total of 360 months in the custody of the Attorney General to be followed by three years of supervised release. (Opp., Ex. B (Dkt. 1527-2) ("Sentencing Tr.") 7:16-25.)

In November 2020, Mr. Aiello made his first compassionate release motion, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as

1

amended by the First Step Act of 2018. (*See* First Mot. for Reduction (Dkt. 1488); *see also* Gov. Response to First Mot. for Reduction (Dkt. 1491).) In that motion, Mr. Aiello principally focused on the risks relating to COVID-19. (*See generally* First Mot. for Reduction.) The court denied Mr. Aiello's motion on December 15, 2020, for failure to demonstrate extraordinary or compelling reasons warranting release. (Min. Entry dated December 15, 2020.) Mr. Aiello then made his second motion for compassionate release on May 18, 2021, again focusing on risks related to COVID-19. (*See* Second Mot. for Reduction (Dkt. 1503).) This motion noted that Mr. Aiello contracted COVID-19 in February 2021. (*Id.* at 2; *see also* Gov. Response to Second Mot. for Reduction (Dkt. 1504).)[1] The court denied this motion in December 2021 because he again failed to demonstrate extraordinary and compelling reasons warranting a reduction in sentence. (M&O dated December 3, 2021 (Dkt. 1510).)

Mr. Aiello filed the present motion for compassionate release, his third, on July 7, 2022. (Third Mot. for Reduction.) In the present motion, Mr. Aiello argues that the court erred in calculating his sentence and that this error meets the standard for extraordinary and compelling reasons warranting a reduction in his sentence. (*Id.* at 1-2.) Aiello principally argues that the court erred by not taking into account his prior period of incarceration in State custody, which the Defendant argues was "relevant conduct" to the federal offense, when sentencing him. (*Id.* at 5.) According to the Defendant, failing to do so resulted in an additional 46 months of incarceration that Mr. Aiello would otherwise not have served. (*Id.* at 8.)

---

[1] The court notes that Mr. Aiello writes February 2020 in his motion but the court understands this to mean February 2021.

## II. DISCUSSION

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, a district court may reduce a defendant's sentence upon motion of either the Director of the Bureau of Prisons ("BOP") or the defendant. 18 U.S.C. § 3582(c)(1)(A). Once a defendant exhausts the available BOP administrative remedies, a district court may reduce their sentence where (1) extraordinary and compelling reasons warrant such a reduction, (2) the applicable factors in § 3553(a) weigh in favor of said reduction, and (3) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *Id.* In considering whether extraordinary and compelling reasons warrant a reduction, the court consults the definition provided by the Sentencing Commission that went into effect on November 1, 2023. *See* U.S.S.G. § 1B1.13. The defendant bears the burden of showing entitlement to compassionate release under this Section. *See United States v. Phillibert*, 557 F. Supp. 3d 456, 458 (S.D.N.Y. 2021).

In a Memorandum and Order released alongside Mr. Aiello's M&O, the court reviewed in detail the standard for a motion for granting compassionate release for Mr. Aiello's co-defendant, Anthony Donato, and the recent changes to this standard. (*See* Donato Compassionate Release M&O dated February 16, 2024 (Dkt. 1577).) The court incorporates by reference this discussion of the applicable standards currently governing compassionate release under 18 U.S.C. § 3582(c). With these standards in mind, the court turns to the merits of Mr. Aiello's motion.

### A. Extraordinary and Compelling Reasons

The court finds that Mr. Aiello is unable to demonstrate that extraordinary and compelling reasons warrant a reduction in his sentence and therefore denies his motion for compassionate release.

Defendant Aiello argues that a reduction in sentence is warranted based on an error in calculating his sentence. Specifically, Mr. Aiello argues that "at his original sentencing he should have received a downward departure of 46 months, pursuant to U.S.S.G. § 5K2.23 and § 5G1.3." (Third Mot. for Reduction at 5.)[2] Specifically, he argues that conduct in connection to his robbery of Café Vienna was "relevant conduct" to his racketeering charge and that because he already served 46 months in State prison for this charge, U.S.S.G. § 5G1.3 required the court to reduce his sentence by the 46 months he already served. (*Id.*) In support, Mr. Aiello points to the Superseding Indictment (S-9), which listed the robbery as a predicate act, and the PSR which notes the Café Vienna offense conduct. (*Id.* at 5, 8.)

Defendant relies in part on this court's decision in *Reynolds v. United States*, No. 99-CR-520 (NGG), 2022 WL 1444167, at *6 (E.D.N.Y. May 6, 2022).[3] (*See* Letter dated July 7, 2022 (Dkt. 1572).) In *Reynolds*, the Defendant had spent 41 months in state

---

[2] Under U.S.S.G. § 5K2.23: "A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense."

Under U.S.S.G. 5G1.3(b): if a "term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . (1)the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment."

[3] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

custody on a gun charge that was "almost certainly relevant to the underlying racketeering conspiracy." *Reynolds*, 2022 WL 1444167 at *6. Judge Korman, the sentencing judge, was not required under the express terms of U.S.S.G. § 5G1.3 to consider this prior term of imprisonment, but this court found that the "purpose of § 5G1.3—to prevent double-counting—would be furthered by granting Reynolds credit for his state time served." *Id.* at 3. Critically, the court did not rely on this purported error and instead found that multiple factors, including Reynolds' "current age and the age at which his crimes were committed, Reynolds's evidently substantial rehabilitation, [and] the COVID-19 pandemic and the resulting harsh conditions of custody," when viewed together, supported a finding of extraordinary and compelling reasons warranting a reduction in his sentence. *Id.* at 6. After considering the 3553(a) factors, the court then reduced Reynolds' prison term from 42 years to 36 years. *Id.* at 7.

Here, Mr. Aiello is mistaken to argue that he should be released under similar principles reviewed in *Reynolds*. First, as this court found in *Reynolds*, the provision applies to "undischarged" terms of custody. *Reynolds*, 2022 WL 1444167, at *6. Because Mr. Aiello's state term was fully discharged over four years prior to his sentencing in this case (*see* Third Mot. for Reduction at 2, 5 (noting that defendant completed the state term on August 7, 2004 and was sentenced on the instant charges on December 16, 2008)), U.S.S.G. § 5G1.3 did not require a downward departure.

Second, Defendant has not demonstrated that the Café Vienna robbery impacted his sentence such that there would be a risk of "double counting" his time served in State and federal custody. The indictment included the Café Vienna robbery as one of eleven predicate acts for Mr. Aiello's racketeering charge—the others including murder, conspiracy to commit murder, murder conspiracy and extortion. (*See* Superseding Indictment (S-9) ¶¶ 26-48.) But Mr. Aiello did not plead guilty to the Café Vienna

5

robbery and the guilty plea does not discuss the robbery. (*See generally* Plea Agreement.) The guilty plea also includes a stipulation from Aiello that he participated in the murder of Randolph Pizzolo. (*Id.* at 4-5.) The sentencing transcript, which includes a victim impact statement from Randolph Pizzolo's daughter, further supports the role that this murder, rather than the robbery, played in Defendant's sentencing. (*See generally* Sentencing Tr.) Thus, the court finds that there is not a risk of "double-counting" Mr. Aiello's time in state and federal custody, as the court found in *Reynolds*, or that the prior sentence should have been more properly considered.

Considering the totality of the circumstances, *see* U.S.S.G. § 1B1.13(b)(5), Mr. Aiello is therefore not able to demonstrate clear and extraordinary circumstances that warrant a reduction in his sentence. In denying this motion, the court therefore distinguishes the arguments and evidence presented by Mr. Aiello and his co-defendant, Mr. Donato, whose motion for compassionate release this court granted. (*See* Donato Compassionate Release M&O dated February 16, 2024.)

### B. § 3553(a) Factors

As the court has concluded that Aiello has failed to show extraordinary and compelling reasons warranting a reduced sentence, it declines to reach whether the sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of release. *See United States v. Gomez*, No. 18-CR-214 (NGG) (SJB), 2023 WL 3504826, at *4 (E.D.N.Y. May 17, 2023).

### III. CONCLUSION

For the reasons discussed, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         February 16, 2024

                                          s/NICHOLAS G. GARAUFIS
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge